Earl G. Peck, Gen., USAF(Ret) Executive Director Department of Veterans' Affairs Post Office Box 1437 St. Petersburg, Florida 33731
Dear General Peck:
You have asked for my opinion on substantially the following question:
Do the provisions of a county home rule charter establishing employment policy for the county take precedence over section295.07, Florida Statutes, as amended by section 1, Chapter 89-323, Laws of Florida, relating to veterans' preference in employment, appointment and retention?
In sum:
A charter county may legislate in the area of veterans' preference in employment, appointment, and retention, to the extent that such ordinances are not inconsistent with sections 295.07-295.15, Florida Statutes, as amended, Florida's general statutory provisions on veterans' preference.
The statute you have cited, section 295.07, Florida Statutes, as amended, requires that "[t]he state and its political subdivisions shall give preference in appointment and retention in positions of employment to . . . disabled veterans . . . ."[1] (e.s.) The procedures to be followed by the state and its political subdivisions to accomplish this purpose are set forth in sections295.07-295.15, Florida Statutes, as amended by Chapter 89-323, Laws of Florida.
The term "political subdivision" is not defined for purposes of Chapter 295, Florida Statutes, but the statutes contain a general definitional section which is to be used in construing the Florida Statutes where the context will permit. Pursuant to section1.01(9), Florida Statutes, "political subdivision" is defined to include counties. Thus, the veterans' preference provisions contained in sections 295.07-295.15, Florida Statutes, as amended by Chapter 89-323, Laws of Florida, apply to counties. Section1(g), Article VIII, Florida Constitution, provides: "Counties operating under county charters shall have all powers of local self-government not inconsistent with general law . . . . The governing body of a county operating under a charter may enact county ordinances not inconsistent with general law."[2] (e.s.)
In Jordan Chapel Freewill Baptist Church v. Dade County,[3] the court discussed whether Dade County's bingo ordinance conflicted with state law. The court stated that:
"Legislative provisions are inconsistent if, in order to comply with one provision, a violation of the other is required. . . . [T]he sole test of conflict for purposes of preemption is the impossibility of co-existence of the two laws. Courts are therefore concerned with whether compliance with a County ordinance requires a violation of a state statute or renders compliance with a state statute impossible."[4]
Nor does it affirmatively appear from the provisions of the Veterans' Preference Statutes that legislation in this area is preempted to the State.[5] While this office must assume the validity of previously adopted county ordinances,[6] it is clear that, to withstand a challenge that such legislation is inconsistent with sections 295.07-295.15, Florida Statutes, as amended, compliance with such ordinances may not result in a violation of the state's veterans' preference statutes or render compliance with these statutes impossible.
Therefore, it is my opinion that charter counties are subject to Florida's veteran's preference statutes, sections 295.07-295.15, Florida Statutes, but that, to the extent such legislation is not inconsistent with these general statutory provisions, a charter county may legislate in the area of veterans' preference for appointment and retention in employment with the county.
Sincerely,
Robert A. Butterworth Attorney General RAB/tgh
[1] Section 295.07(1)(a), Fla. Stat., as amended by s. 1, Ch. 89-323, Laws of Florida. And see, s. 295.07(2), F.S., created by s. 1, Ch. 89-323, Laws of Florida, which provides exemptions from the veterans' preference requirement for:
"(a) Those positions that are exempt from the state Career Service System under s. 110.205(2), however, all positions under the University Support Personnel System of the State University System as well as all Career Service System positions under the State Community College System and the School for the Deaf and the Blind shall be included. (b) Those positions in political subdivisions of the state that are filled by officers elected by popular vote or persons appointed to fill vacancies in such offices and the personal secretary of each such officer, members of boards and commissions, persons employed on a temporary basis without benefits, city managers and county managers, heads of departments, management positions, policymaking positions, positions which require licensure as a physician, licensure as an osteopathic physician, licensure as a chiropractic physician, and positions which require that the employee be a member of The Florida Bar."
[2] See, Ops. Att'y Gen. Fla. 86-62 (1986), 81-7 (1981), and 79-109 (1979), which discuss the authority of charter counties to enact ordinances not inconsistent with general law.
[3] 334 So.2d 661 (Fla. 3d DCA 1976).
[4] Id. at 664.
[5] See, Broward County v. Fort Lauderdale Christian School,366 So.2d 1264 (Fla. 4th DCA 1979) (since school cafeterias were exempted from certain state licensing requirements, state had not preempted field of legislation in that area; therefore, county ordinance requiring school to obtain permit to operate food service establishment was not inconsistent with general law). Cf.,Speer v. Olson, 367 So.2d 207 (Fla. 1978) dealing with the issues of preemption and conflict as they relate to non-charter county legislation.
[6] See, Ops. Att'y Gen Fla. 78-64 (1978) and 77-99 (1977) (The Attorney General cannot declare a statute unconstitutional or advise any officer to disregard a legislative direction or mandate. On the contrary, the statute is presumed to be constitutional and must be given effect until judicially declared invalid.)